IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICAH HILL, | * | |
| Plaintiff, | * | |
| v. | * | Case No. TJS-26-1803 |
| FEDERAL BUREAU OF INVESTIGATION CRIMINAL JUSTICE INFORMATION SERVICES DIVISION, | * | |
| | * | |
| Defendant. | | |

* * * * * *

**MEMORANDUM OPINION**

Pending before the Court is Defendant Federal Bureau of Investigation Criminal Justice Information Services Division's motion to dismiss the Complaint.[1] ECF No. 32. Plaintiff did not respond to the Motion. Having considered the submissions of the parties (ECF Nos. 1, 15, 19 & 32), I find that a hearing is unnecessary. *See* Loc. R. 105.6. For the following reasons, Defendant's Motion will be granted.[2]

## I. BACKGROUND

Pro se Plaintiff Micah Hill filed the above-captioned case against Defendant on May 7, 2026. ECF No. 1. The Complaint contains the verbatim text of several federal statutes and regulations, including 18 U.S.C. §§ 925A and 925B, 34 U.S.C. § 40901, and 28 C.F.R. §§ 25.1 through 25.10, *see id.* at 6–7; ECF Nos. 1-1, 1-2, but is devoid of factual allegations. In the Civil

[1] In accordance with 28 U.S.C. § 636(c), all parties have voluntarily consented to have the undersigned conduct all further proceedings in this case, including trial and entry of final judgment, and conduct all post-judgment proceedings, with direct review by the Fourth Circuit Court of Appeals, if an appeal is filed. ECF No. 29.

[2] The motions to seal filed at ECF Nos. 40 and 43 will be granted.

Cover Sheet, Plaintiff asserts a claim under the Administrative Procedure Act and for constitutional violations of state statutes. ECF No. 1-3. On May 29, 2026, Plaintiff filed a letter correspondence, titled in part "Amended and Supplemental Pleadings," in which he recites the text of Federal Rules of Civil Procedure 7, 15, 72, and 73. ECF No. 15. On June 22, 2026, Plaintiff filed another letter correspondence, titled "Amended and Supplemental Pleadings Amending as a Matter of Course," and a second Complaint, again reciting the same federal statutes and regulations in the initial Complaint, in addition to 28 C.F.R. §§ 25.11 and 52.01, 28 U.S.C. § 636, and several rules of procedure (namely, Federal Rules of Civil Procedure 7, 11, 12, 15, and 72). ECF No. 19.

## II. DISCUSSION

### A. Legal Standard

Under Federal Rule of Civil Procedure 8(a), a pleading that sets forth a claim for relief shall contain: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought. The "short and plain statement of the claim" must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Under Rule 8(d)(1), each allegation in a complaint should be "simple, concise, and direct." Furthermore, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action does not satisfy Rule 8's basic pleading requirements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Rule 12(b)(6) permits a court to dismiss a complaint if it fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at

678 (citing *Twombly*, 550 U.S. at 547). Although a complaint need not contain detailed allegations, it must contain "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, and the facts alleged must be enough to raise a right to relief above the speculative level, *id.* at 555. When considering a motion to dismiss, a court must accept as true the well-pled allegations of the complaint and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

Pro se pleadings are liberally construed and held to a less stringent standard than pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *accord Brown v. N.C. Dep't of Corr.*, 612 F.3d 720, 722 (4th Cir. 2010). Pro se complaints are entitled to special care to determine whether any possible set of facts would entitle the plaintiff to relief. *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980). Nevertheless, "a pro se plaintiff still must allege facts that state a cause of action." *Sado v. Leland Mem'l Hosp.*, 933 F. Supp. 490, 493 (D. Md. 1990). Further, "a district court is not required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.'" *Weller v. Dep't of Soc. Servs. for Balt.*, 901 F.2d 387, 391 (4th Cir. 1990) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985)).

**B. Analysis**

First, Plaintiff fails to satisfy Rule 8(a). Plaintiff's initial Complaint lists the verbatim text of several statutes and regulations, without any factual allegations. It is unclear under which of the numerous statutes and regulations Plaintiff seeks relief or how Defendant reportedly violated any of them. Further, while the titles of Plaintiff's letter correspondence indicate he intends to amend or supplement his Complaint, the filings contain, much like his initial pleading, the language of

various federal statutes, regulations, and rules, with no facts or clarification as to Defendant's alleged unlawful conduct. Second, the Complaint and letters lack specific factual allegations to support a viable cause of action, instead relying solely on the text of various laws or rules, some of which do not create a private right of action. While pro se pleadings are liberally construed, a pro se plaintiff must nevertheless allege enough facts to plausibly state a claim for relief. *Sado*, 933 F. Supp. at 493; *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 547. Here, Plaintiff alleged no facts, let alone sufficient facts to support any of the possible causes of action, and thus fails to satisfy the Rule 12(b)(6) pleading standard. Accordingly, Defendant's Motion will be **GRANTED**.

Additionally, while Plaintiff filed a plethora of correspondence (all of which contain the text of statutes, regulations, or rules), none appears to be a response to Defendant's Motion or a motion for leave to amend his Complaint. *See, e.g.*, ECF Nos. 35, 36, 38, 40, 45–53. "[W]here, as here, the plaintiff fails to formally move to amend and fails to provide the district court with any proposed amended complaint or other indication of the amendments he wishes to make, the district court does not abuse its discretion in failing to give the plaintiff a blank authorization to 'do over' his complaint." *Estrella v. Wells Fargo Bank, N.A.*, 497 F. App'x 361, 362 (4th Cir. 2012) (citation modified) (citing *Francis v. Giacomelli*, 588 F.3d 186, 197 (4th Cir. 2009); *Cozzarelli v. Inspire Pharms. Inc.*, 549 F.3d 618, 630–31 (4th Cir. 2008)); *see also Gogna v. PHH Mortg. Corp.*, No. DKC-24-2346, 2026 WL 1155853, at *2–3 (D. Md. Apr. 29, 2026) ("In fact, courts in this circuit often dismiss cases with prejudice for failure to state a claim without granting an opportunity to

amend, particularly when litigants do not request leave to amend." (citations omitted)). Therefore, the Court will not provide Plaintiff leave to amend his Complaint.

## III. CONCLUSION

For the above reasons, Defendant's Motion will be **GRANTED**, and the case is **DISMISSED WITHOUT PREJUDICE**. The motions to seal will be **GRANTED**. An accompanying Order follows.

September 10, 2026
Date

/s/
Timothy J. Sullivan
Chief United States Magistrate Judge